IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04CR10233RCL

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| v. | |
| (1) RAYMOND AUSTIN, a/k/a "Dutchie" | VIOLATIONS: |
| | 21 U.S.C. §963 - Conspiracy To Import Cocaine |
| | 21 U.S.C. §§952(a) and 960(a)(1) - Unlawful Importation Of Cocaine |
| | 18 U.S.C. §2 - Aiding And Abetting |
| | 21 U.S.C. §853 - Criminal Forfeiture Allegation |

**INDICTMENT**

**Count One:** **(21 U.S.C. §963 - Conspiracy To Import Cocaine).**

The Grand Jury charges that:

Beginning on an unknown date but at least by in or about January 2004 and continuing to in or about June 2004, at Boston and elsewhere in the District of Massachusetts, at New York City, at Guyana, at Suriname, and elsewhere

**(1) Raymond Austin,
a/k/a "Dutchie"**

defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to import cocaine, a Schedule II controlled substance, into the United States from a place outside

the United States, to wit: Suriname and Guyana, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

The Grand Jury further finds that the conspiracy set forth in Count One involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, 21 U.S.C. §841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Section 963.

**Count Two:**       (21 U.S.C. §§952(a) and 960(a)(1) - **Unlawful Importation Of Cocaine;** 18 U.S.C. §2 - **Aiding And Abetting**).

The Grand Jury charges that:

From in or about March 2004 nd continuing to in or about June 2004, at Boston and elsewhere in the District of Massachusetts, at New York City, at Guyana, at Suriname, and elsewhere

**(1) Raymond Austin,
a/k/a "Dutchie"**

defendant herein, did knowingly and intentionally import cocaine, a Schedule II controlled substance, into the United States from a place outside the United States, to wit: Suriname and Guyana.

The Grand Jury further finds that the offense set forth in Count Two involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, 21 U.S.C. §841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts One and Two this Indictment,

> **(1) Raymond Austin,**
> **a/k/a "Dutchie"**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. Such property includes, but is not limited to:

    (a) $215,000 in United States currency seized by the United States Immigration and Customs Service.

2. If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendants --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

4

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

**Notice Of Additional Factors**

The Grand Jury further finds that defendant Raymond Austin is responsible for at least 50 kilograms but less than 150 kilograms of cocaine, a Schedule II controlled substance. Accordingly, U.S.S.G. § 2D1.1(c)(4) is applicable to this defendant.

The Grand Jury further finds that defendant Raymond Austin was an organizer, leader, manager, and supervisor of criminal activity involving five or more participants. Accordingly, U.S.S.G. § 3B1.1(a) and (b) are applicable to defendant Raymond Austin.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
MICHAEL J. PELGRO
ASSISTANT U.S. ATTORNEY


DISTRICT OF MASSACHUSETTS; August 11, 2004

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK